IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| WILLIE MARION LANHAM, | * | |
| Plaintiff, | * | |
| v. | * | CV 115-082 |
| JERRY SULLIVAN; SULLIVAN TRANSPORTATION SERVICES; and OOIDA RISK RETENTION GROUP, INC., | * | |
| Defendants. | * | |

**O R D E R**

Presently before the Court is the parties' Joint Motion to Transfer Venue to the United States District Court for the Middle District of Georgia, Macon Division. (Doc. 8.) For the reasons stated herein, the Court **GRANTS** the motion.

In this action, Plaintiff seeks to recover for injuries that he incurred during an automobile collision with a tractor-trailer in Dooly County, Georgia in February 2015. (Doc. 1-1 at 4; Doc. 8 at 1.) Plaintiff initially filed suit in the State Court of Richmond County, Georgia, where he resides, pursuant to the Georgia Non-Resident Motorist Act, O.C.G.A. § 40-12-3. (Doc. 1-1 at 3; Doc. 8 at 2.) Defendants subsequently removed the case on diversity grounds to this Court on June 3, 2014. (Doc. 1.) The parties now move the Court to transfer this matter to the United States District Court for the Middle

District of Georgia, Macon Division, on the grounds that venue is proper in the Middle District and the Middle District is the more convenient forum. (Doc. 8 at 2.)

As a preliminary matter, the Court notes that venue in the Southern District of Georgia, Augusta Division, is proper. In removed actions, proper venue lies in "the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Richmond County, Plaintiff's initial choice of forum, is located in the Augusta Division of the Southern District.

Even so, a district court may transfer an action to any other district where the action may have been brought or to any district to which all parties have consented "[f]or the convenience of parties and witnesses [and] in the interest of justice[.]" 28 U.S.C. § 1404(a). This inquiry requires a two-part analysis: (1) the Court must determine if this action could have been brought in the alternate venue; and (2) the Court must determine whether the convenience of parties and witnesses, as well as the interest of justice, require transfer.

As to the first prong, this action initially could have been filed in the Middle District of Georgia, Macon Division. See Game Controller Tech LLC v. Sony Computer Entm't Am. LLC, 994 F. Supp. 2d 1268, 1272-73 (S.D. Fla. 2014) ("An action might have been brought in a transferee district if that district has subject matter jurisdiction over the action, venue is proper,

2

and the parties are amenable to service of process in the transferee forum.") Personal and subject matter jurisdiction are proper in the Middle District of Georgia as (1) all parties have consented to the transfer, and (2) the accident at issue occurred in Dooly County — which sits within the Macon Division. See 28 U.S.C. § 1391(b)(2) ("A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred[.]"); Baragona v. Kuwait & Gulf Link Transp. Co., 594 F. Supp. 2d 1351, 1360 (N.D. Ga. 2009) ("An individual may voluntarily subject himself to the jurisdiction of a court by appearance or may contract in advance to submit to the jurisdiction of a given court.").

Finally, the Court finds the Middle District of Georgia, Macon Division, to be the more convenient forum and that transfer is in the interest of justice. As the accident occurred in Dooly County and Plaintiff received medical treatment in nearby Bibb County, many of the fact and medical witnesses are located in the Middle District. (Doc. 8 at 2.) Moreover, the parties contend the Middle District is a more convenient forum for any out-of-state witnesses given its proximity to Atlanta Hartsfield-Jackson International Airport. (Id. at 2-3.) Therefore, the Court finds transfer is proper "to avoid unnecessary inconvenience . . . and to conserve time,

3

energy, and money." Gonzalez v. Pirelli Tire LLC, No. 07-80453-CIV, 2008 WL 516847, at *1 (S.D. Fla. Feb. 22, 2008).

The Court thus **GRANTS** the parties' Joint Motion to Transfer Venue. (Doc. 8.) The Clerk **SHALL TRANSFER** this case to the **UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF GEORGIA, MACON DIVISION**. Following transfer, the Court **DIRECTS** the Clerk to **TERMINATE** all deadlines and motions and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 24th day of June, 2015.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

4